PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY C. SNYDER JR, | ) | |
| | ) | CASE NO. 5:22CV1496 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| POLYMER MACHINERY | ) | |
| COMPANY INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 14] |

Pending is Defendants Polymer Machinery Company, Inc. ("Polymer Machinery") and Kendall Ashby's Motion to Dismiss (ECF No. 14). The Court has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law. For the reasons that follow, the Court grants summary judgment to Defendants.

---

[1] Plaintiff supports his response to the motion with a Declaration (ECF No. 24-1). As the party who chose to present matters outside the pleadings in his response, Plaintiff had a reasonable opportunity to present all pertinent material in his declaration and took advantage of that right. Considering the declaration, the Court converts the within motion into one for summary judgment. *See, e.g., Schultz v. Hydro-Gear Ltd. Partnership*, No. 5:12-CV-10, 2012 WL 3527068, at *3 (W.D. Ky. Aug. 15, 2012) ("A party cannot claim to have been 'surprised by the conversion of the motion to dismiss into a motion for summary judgment when the party was aware that materials outside the pleading had been submitted to the court before the court granted the motion.' ") (quoting *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993)).

(5:22CV1496)

# I.

## A.

Plaintiff Gregory C. Snyder Jr. filed a Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Ohio.  *See In re Gregory C. Snyder, Jr.* (Bankr. N.D. Ohio filed Nov. 20, 2020).  From February 2015 to June 2022, Plaintiff was employed as a service technician at Polymer Machinery.  Thereafter, the above-entitled action asserting violations of the Fair Labor Standards Act ("FLSA"), Ohio Rev. Code § 4111.03 and regulations thereunder was filed in this Court on August 22, 2022.  It is well-settled that a cause of action is an asset that must be disclosed in the debtor's schedule of personal property pursuant to 11 U.S.C. § 521. *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).  The duty of disclosure in bankruptcy "is a continuing one, and a debtor is required to disclose all potential causes of action." *Schultz*, 2012 WL 3527068, at *4 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)).

Defendants argue judicial estoppel bars Plaintiff's overtime compensation claims because they were not disclosed in the previously filed Chapter 13 bankruptcy prior to the filing of Defendants' initial Motion to Dismiss (ECF No. 8) in the case at bar on October 20, 2022. Generally, the doctrine of judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n. 8 (2000)).  The Sixth Circuit has stressed that the doctrine of judicial estoppel preserves 'the integrity of the courts by preventing a party from abusing the judicial process through

2

(5:22CV1496)

cynical gamesmanship.' " *Schultz*, 2012 WL 3527068, at *4 (quoting *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002) (Chapter 11 case) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990))). In *Stanley v. FCA US, LLC*, 51 F.4th 215 (6th Cir. 2022) (Chapter 13 case), the Court of Appeals affirmed the district court's application of judicial estoppel to bar the plaintiff's Family and Medical Leave Act ("FMLA") interference claim. *Id.* at 221. The Sixth Circuit stated: "[w]hen a separate bankruptcy proceeding is involved, judicial estoppel bars an undisclosed suit when: '(1) the debtor assumed a position contrary to one she asserted under oath while in bankruptcy; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the debtor's omission did not result from mistake or inadvertence.' *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 314 (6th Cir. 2013) (citing [*White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010)])." *Id.* at 219. All three prongs of the *White* test are met in the present case.

Plaintiff filed the present case without alerting either this Court to his bankruptcy proceeding or the bankruptcy court to the existence of these claims. Plaintiff only made attempts to alert the Chapter 13 Trustee and assert claims on behalf of his bankruptcy estate after ECF No. 8 was filed.[2] A Joint Motion and Application to appoint Ryan A. Winters, Plaintiff's Counsel in the case at bar, as special counsel was filed by the Chapter 13 Trustee and the Debtor in the bankruptcy court on November 16, 2022 – nearly three months after Plaintiff filed the present

---

[2] The First Amended Complaint (ECF No. 11), filed on November 10, 2022, includes claims in Plaintiff's own name for his benefit and for the benefit of his bankruptcy estate.

3

(5:22CV1496)

case and nearly a month after Defendants' Motion to Dismiss (ECF No. 8) was filed. *See* ECF No. 24 in Case No. 20-52096-amk.³ Plaintiff argues that the actions he has taken since the filing of Defendants' Motion to Dismiss demonstrate a lack of bad faith and remedy his prior concealment as a Chapter 13 debtor. *See* Opposition to Motion (ECF No. 24) at PageID #: 197, 205. In support, Plaintiff points to his own declaration, but does not state when he "took action to notify [his] bankruptcy attorney" or that he made any disclosure to the Chapter 13 Trustee prior to the filing of ECF No. 8:

> 4. Prior to the filing of my Chapter 13 bankruptcy petition, I was not aware of the existence of possible violations of federal and Ohio wage law from my time working for Defendants.
> 5. Once I learned that I may be owed unpaid overtime wages by Defendants, I took action to notify my bankruptcy attorney of the existence of these federal and related Ohio wage law claims.

ECF No. 24-1 at PageID #: 212. But merely allowing a bankruptcy petitioner to avoid judicial estoppel by correcting omissions after an opposing party notifies them of the same " 'would encourage gamesmanship' and defeat the purpose of the doctrine." *Newman v. Univ. of Dayton*, 751 Fed.Appx. 809, 815 (6th Cir. 2018) (quoting *White*, 617 F.3d 481). Moreover, Plaintiff became aware that he possessed these overtime compensation claims prior to the filing of this action and prior to the filing of Defendant's Motion to Dismiss (ECF No. 8). And yet, as is evident from the bankruptcy court's docket, Plaintiff made no attempt to amend his schedules or

---

³ On January 23, 2023, the Joint Motion and Application was granted. *See* ECF No. 29 in Case No. 20-52096-amk. On January 20, 2023, the Chapter 13 Trustee filed an Amended Motion to Dismiss Due to Failure of Debtor to Make Plan Payments (ECF No. 28 in Case No. 20-52096-amk). The Amended Motion to Dismiss was granted at a hearing held on February 16, 2023.

(5:22CV1496)

plan or alert the bankruptcy court to the existence of these claims prior to November 16, 2022. The Sixth Circuit reaffirmed in *Stanley* that a Chapter 13 debtor's motive to conceal claims is presumed. 51 F.4th at 219; *see also White*, 617 F.3d at 479; *Lewis v. Weyerhaeuser Co.*, 141 Fed.Appx. 420, 426 (6th Cir. 2005) ("It is always in a Chapter 13 petitioner's interest to minimize income and assets").

Plaintiff's post hoc actions do not indicate good faith and are not enough to save this matter from dismissal under applicable Sixth Circuit precedent. It is not just the efforts that a debtor takes to correct an omission but the "timing" of those efforts that is important. *Stanley*, 51 F.4th at 221 (citing *White*, 617 F.3d at 480). "Consequently, efforts to correct an omission that came before the Defendants filed their motion to dismiss are more important than efforts that came after the Defendants filed their motion to dismiss." *White*, 617 F.3d at 480. Like the efforts taken by the plaintiffs in *Stanley* and *White*, Plaintiff's "late, perfunctory disclosure does not demonstrate an absence of bad faith." *Stanley*, 51 F.4th at 221.

**B.**

Plaintiff's repleading of his overtime compensation claims in the First Amended Complaint (ECF No. 11) as also being for the benefit of his bankruptcy estate does not shield the claims from the application of judicial estoppel. *See White*, 617 F.3d 481 n. 10 (rejecting dissent's argument that the concealed claims should be preserved for the Chapter 13 estate). Plaintiff cites *Stephenson v. Malloy*, 700 F.3d 265 (6th Cir. 2012), and *Stevenson v. Haddad*, 529 Fed.Appx. 522 (6th Cir. 2013), in support of his argument that judicial estoppel cannot be maintained against a bankruptcy Trustee. *See* ECF No. 24 at PageID #: 206-208. *Stephenson*

5

(5:22CV1496)

and *Stevenson*, however, are distinguishable from the case at bar. First, both cases concern Chapter 7 Trustees who were actually a plaintiff in the action. Whereas, the claims in ECF No. 11 are in a Chapter 13 debtor's own name for his benefit and for the benefit of his bankruptcy estate. Second, in *Stephenson*, the Sixth Circuit relied heavily on the substantial evidence demonstrating a lack of bad faith. 700 F.3d at 269, 275. Plaintiff, however, has not alleged in ECF No. 11 or his Declaration (ECF No. 24-1) that he made any disclosure of his overtime compensation claims to the Chapter 13 Trustee prior to the filing of Defendant's Motion to Dismiss (ECF No. 8).

Other courts have distinguished *Stephenson* and imposed judicial estoppel on similar facts to those in the present case. In *Thompson v. Bruister and Assoc., Inc.*, No. 3:07-00412, 2013 WL 4507734, at *3 (M.D. Tenn. Aug. 23, 2013), the district court entered summary judgment against plaintiff based on judicial estoppel even over the plaintiff's request that the court wait to interpose the Chapter 13 Trustee as plaintiff. In *Amato v. Maggiano's Holding Corp.*, No. 20-cv-12007, 2022 WL 406314, *4-5 (E.D. Mich. Feb. 4, 2022), the district court distinguished *Stephenson*, cited *Thompson*, and applied judicial estoppel against a Chapter 13 debtor.

## II.

Viewing Plaintiff's probative evidence and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff, the Court concludes that there is no genuine issue of material fact and the movant is entitled to a judgment on the basis of judicial estoppel as a matter of law. For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 14), converted to a motion

(5:22CV1496)

for summary judgment, is granted.  Final judgment will be entered in favor of Defendants and against Plaintiff on the First Amended Complaint (ECF No. 11).

    IT IS SO ORDERED.

| | |
|---|---|
|   March 31, 2023 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |